IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL HIGGINBOTHAM,<br><br>    Defendant. | No. CR 10-703 MMC<br><br>**ORDER FINDING ATTORNEY-CLIENT PRIVILEGE WAIVED; DENYING REQUEST FOR COUNSEL; SETTING BRIEFING SCHEDULE** |

Before the Court is defendant Michael Higginbotham's ("Higginbotham") "Notice of Intention to Proceed and Request for Counsel," filed March 2, 2012. By its prior orders, the Court held Higginbotham would be deemed to have waived the attorney-client privilege by pursuing his claims of ineffective assistance of counsel, and ordered Higginbotham to file a response advising the Court as to whether, in light of such ruling, he intended to withdraw the claims raised in his motion. By the instant filing, Higginbotham indicates he intends to proceed with his motion under 28 U.S.C. § 2255 and "request[s] the court appoint counsel for the limited capacity of protecting Higginbotham from a breach of the limited scope of the waiver inquiry and to examine the witness(es) in support of the claims presented." (See Notice of Intention to Proceed and Request for Counsel at 1.) Having read and considered the notice, the Court rules as follows.

The Court hereby ORDERS that (1) Higginbotham has waived the attorney-client privilege in limited part, specifically as to the areas raised in his Motion to Vacate, Set Aside

and Correct His Sentence, filed December 7, 2011; (2) the government is entitled to inquire of Federal Public Defender Geoffrey Hansen regarding any oral communications with Higginbotham and review any written communications with Higginbotham relating to the subject areas raised in Higginbotham's claims; (3) the government is precluded from using the privileged materials for any purpose other than litigating the Motion to Vacate, Set Aside or Correct His Sentence; and (4) the government may not disclose these materials to any other persons, including law enforcement or prosecutorial agencies, with the exception of other representatives of the United States Attorney's Office who are assisting in responding to the Motion to Vacate, Set Aside or Correct His Sentence.

As to Higginbotham's request for counsel, the Court again finds, as it did in its order filed October 28, 2011, that the interests of justice do not require appointment of counsel. In particular, Higginbotham's filings continue to demonstrate he is able to adequately present his claims, and, to date, no determination has been made as to whether an evidentiary hearing will be required. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986), cert. denied, 479 U.S. 867 (1986) (holding "[u]nless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court.").

Accordingly, the Court hereby DENIES Higginbotham's request for appointment of counsel.

Lastly, the Court cannot say it plainly appears from the motion that the claims alleged by Higginbotham are "so palpably incredible or patently frivolous as to warrant summary dismissal." See United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984); see also Rules Governing Section 2255 Proceedings Rule 4(b) ("If it plainly appears from the motion . . . that the moving party is not entitled to relief, the judge must dismiss the motion," and "[i]f the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time.")

Accordingly, the Court sets the following briefing schedule:

1. No later than May 4, 2012, the government shall file its opposition.

2. No later than June 1, 2012, Higginbotham may file a reply.

3. As of June 1, 2012, or the date on which Higginbotham files a reply, whichever is earlier, the matter will be deemed submitted.

**IT IS SO ORDERED.**

Dated: March 21, 2012

MAXINE M. CHESNEY
United States District Judge